IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER KEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-72-M |
| ) | |
| REGINALD HINES, JEAN BOND, ) | |
| DR. RONALD STITES, DR. HITI, ) | |
| DENNIS COTNER, SGT. REED, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendants' Motion for Summary Judgment, filed February 1, 2008 [docket no. 111]. On February 19, 2008, plaintiff filed his response, and on March 3, 2008, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiff is an inmate serving a thirty year sentence for second degree murder at the Lexington Assessment & Reception Center ("LARC")[1] and is "paralyzed from the mid-chest area down due to a pre-incarceration gunshot wound." Complaint at 2. Plaintiff states he is confined to a wheelchair, must use a catheter to pass urine and that:

> Plaintiff's paralysis does not prevent him from feeling pain. Moreover, his body lets him know when he is in extreme pain by sending him into cold sweats and convulsions. This has occurred numerous times during the last three years due to his physical condition and lack of adequate pain medication.

*Id*.

---

[1] Plaintiff makes reference to the Lexington Correctional Center ("LCC") in the body of his complaint but shows his address as the Lexington Assessment & Reception Center ("LARC"). For purposes of this order, the undersigned will refer to the facility where plaintiff is housed as LARC.

Plaintiff asserts claims regarding catherization and bladder care. Specifically, plaintiff contends the medical staff at LARC "reamed out and tore the inside of [his] penis" by using progressively larger catheters when they "ran out" of smaller ones. *Id.* at 3. Plaintiff alleges he was eventually catheterized through his stomach and suffers constant pain with frequent stomach pain and muscle spasms due to bladder infections and the placement of the catheter. *Id.*

Plaintiff maintains he has made numerous complaints regarding pain and the need both for adequate pain medication and for reconstructive surgery on his leg and penis. *Id.* The requested reconstructive surgery was denied as "cosmetic". *Id.* Plaintiff further complains that defendants have refused to provide him with an "egg crate" type mattress and have likewise refused to provide regular physical therapy to prevent atrophy in his legs, thereby causing him emotional distress and depression. *Id.*

Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs. Defendants now move for summary judgment with respect to plaintiff's claims.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   DISCUSSION

Plaintiff alleges defendants were deliberately indifferent to his safety and/or health needs. Specifically, plaintiff alleges that defendants failed to provide him with an egg crate mattress, ignored and failed to properly treat his disfigured penis resulting from his catheter placement, and failed to treat chronic bladder infections which caused muscle spasms and pain.

A.   Deliberate Indifference

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citations omitted). Deliberate indifference may be manifested by the *intentional* denial or delay of access to medical care or *intentional* interference with treatment. *Id.* at 104-05. The Supreme Court described deliberate indifference as follows:

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows or disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the test of the

> Amendment as our cases have interpreted it. The Eight Amendment does not outlaw cruel and unusual conditions; it outlaws cruel and unusual punishments. An act or omission unaccompanied by knowledge of a significant risk or harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).

"An inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *El'Amin v. Pearce*, 750 F.2d 829, 832 (10th Cir. 1984). A disagreement regarding diagnosis and treatment does rise to the level of a constitutional violation. *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). Thus, deliberate indifference, not negligence, is the applicable criterion for plaintiff's Eighth Amendment claims. *El'Amin*, 750 F.2d at 832.

### 1. Egg Crate Mattress Claim

Plaintiff alleges that defendants have demonstrated deliberate indifference to plaintiff's serious medical needs by confiscating and refusing to replace an egg crate mattress that was prescribed for him by Oklahoma Department of Corrections ("DOC") medical staff. Plaintiff contends that a physician at the previous DOC facility where he was housed determined from medical examination that plaintiff would benefit from an egg crate mattress. However, the LARC medical staff denied him use of such mattress under the alleged pretext that it was not approved by the State Fire Marshall. Approximately two years later, LARC officials subsequently determined that the mattress was approved by the State Fire Marshal. Plaintiff contends that he made persistent requests for the egg crate mattress, and it was impermissibly withheld for nearly two years.

Having reviewed the parties' submissions, the Court finds that the alleged acts of defendants do not rise to the level of deliberate indifference. Specifically, plaintiff has submitted insufficient evidence to establish that defendants *intentionally* denied, delayed or interfered with his medical care. It is undisputed that defendants provided plaintiff with two substitute foam mattresses which were medically approved by DOC medical staff. The difference in medical opinion or an inadvertent failure to substitute the egg crate mattress for the medically sufficient foam mattress "cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind". *Id.* Accordingly, the Court GRANTS the defendants summary judgment as to plaintiff's egg crate mattress claim.

### 2. Catheterization, Bladder and Pain Medication Claims

Plaintiff maintains that defendants failed to provide adequate medical care for an ongoing medical condition involving a wound to his penis, chronic bladder infections and muscle spasms resulting in pain. Specifically, plaintiff contends that the tear in his penis and resulting pain occurred as a result of removal of an oversized catheter. Plaintiff allegedly made numerous requests for adequate pain medication and reconstructive surgery on his penis.

Having reviewed the parties' submissions, the Court finds that plaintiff has presented insufficient evidence to create a genuine issue of material fact as to the instant claims. Specifically, plaintiff submitted a letter purporting to offer a second opinion as to the origin of plaintiff's injury; however, that letter actually concedes the catheterization issue to defendants. Dr. Culkin's letter states " [a]s best I can tell from reviewing the large volumes of medical information, his catheters ranged from a size #16 to #18 French and are the normal-sized catheters placed within an adult male". [Docket no. 115-3]. Furthermore, a review of plaintiff's medical records from the University

of Oklahoma ("OU") confirm that their medical staff was consulted to see if reconstructive surgery was an option. [Docket no. 111-2].  Plaintiff does not dispute that the OU medical professionals determined that reconstructive surgery was not medically feasible and would be cosmetic in nature. Additionally, plaintiff offered the medical opinion of a neurologist, not an urologist, who was not seen for the purpose of making a determination about the possibility of reconstructive surgery but for treatment of neurological problems associated with plaintiff's paralysis. [Docket no. 115-6].

The records also indicate that plaintiff made routine visits to the OU medical facility for his chronic bladder infections.  Plaintiff further had access to DOC's medical facilities.  The Court finds insufficient evidence of intentional acts or omissions of medical care as to plaintiff's bladder claim. Additionally, plaintiff failed to cite to any evidence to support his allegation that medication he was often prescribed was not in pharmacy stocks at LARC.  In contrast, the Court finds that plaintiff's medical records include prescription charts from years 2001-2004 where he consistently received antibiotics, pain pills and muscle relaxers.

In summary, the Court finds plaintiff's conclusory allegations insufficient to defeat summary judgment.  At most, plaintiff submitted evidence concerning a mere difference in medical opinions. The Court finds plaintiff's contentions insufficient to rise to the level of an Eighth Amendment violation.  Accordingly, the Court GRANTS defendants summary judgment as to plaintiff's catheterization, bladder and pain medication claim.

IV.	CONCLUSION

For the reasons set forth above, the Court GRANTS defendants motion for summary judgment.

**IT IS SO ORDERED this 14th day of March, 2008.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE